FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ JAN 18 2011 ★
LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

SCOTT FRANK and JENNIFER FRANK,

        Plaintiffs,

-against-

SEYMOUR PESTRONK,

        Defendants.

COMPLAINT
JURY TRIAL DEMANDED

Case No. CV 11 0250

MATSUMOTO, J.

Plaintiffs SCOTT FRANK and JENNIFER FRANK (collectively referred to as "Plaintiffs"), by and through their attorneys PARKER WAICHMAN ALONSO LLP, hereby sue the defendant SEYMOUR PESTRONK (alternatively referred to as "Defendant"), and allege the following upon information and belief:

### COUNT 1

1. That at the time of the commencement of this action, plaintiffs were domiciled in the County of Orange, State of New Jersey.

2. At all times herein mentioned, defendant, Seymour Pestronk, was and still is a resident of the County of Nassau, State of New York.

3. That the cause of action alleged herein arose in the County of New York and State of New York.

4. That this action is based upon diversity pursuant to Section 8, U.S.C. 1332.

5. That the amount in controversy exceeds in the sum of $75,000.00 exclusive of costs and interest.

6. That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1603(5), §1603(6), §1603(7), §1603(8), §1603(9), §1603(10), §1603(11) and §1602(12) of the State of New York.

7. At all times herein mentioned, defendant, Seymour Pestronk, was the owner of a motor vehicle bearing New York State registration number AFN5879.

8. At all times hereinafter mentioned, defendant, Seymour Pestronk, was the lessee of a motor vehicle bearing New York registration number AFN5879.

9. At all times hereinafter mentioned, defendant, Seymour Pestronk, operated the aforesaid motor vehicle bearing New York State registration number AFN5879.

10. At all times hereinafter mentioned, defendant, Seymour Pestronk, managed the aforesaid motor vehicle bearing New York State registration number AFN5879.

11. At all times hereinafter mentioned, defendant, Seymour Pestronk, maintained the aforesaid motor vehicle bearing New York State registration number AFN5879.

12. At all times hereinafter mentioned, defendant, Seymour Pestronk, controlled the aforesaid motor vehicle bearing New York State registration number AFN5879.

13. At all times hereinafter mentioned, defendant, Seymour Pestronk, repaired the aforesaid motor vehicle bearing New York State registration number AFN5879.

14. At all times hereinafter mentioned, defendant, Seymour Pestronk, inspected the aforesaid motor vehicle bearing New York State registration number AFN5879.

15. At all times hereinafter mentioned, defendant, Seymour Pestronk, supervised the aforesaid motor vehicle bearing New York State registration number AFN5879.

16. At all times hereinafter mentioned, plaintiff, Scott Frank was the operator of a motor vehicle.

17. At all times hereinafter mentioned, plaintiff, Scott Frank was the operator of a motor vehicle bearing New York State registration number CCW6272.

18. At all times hereinafter mentioned, East 61st Street and 5th Avenue, in the County of New York, State of New York, were public roadways and/or thoroughfares.

19. That on April 15, 2010, the motor vehicle operated by defendant, Seymour Pestronk and the motor vehicle operated by plaintiff, Scott Frank were in contact.

20. That on April 15, 2010, the motor vehicle operated by defendant, Seymour Pestronk and the motor vehicle operated by plaintiff, Scott Frank were in contact at the intersection of East 61st Street and 5th Avenue, in the County of New York and State of New York.

21. That as a result of the aforesaid contact, plaintiff, Scott Frank, was injured.

22. That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the defendant without any fault or negligence on the part of the plaintiffs contributing thereto.

23. The defendant was negligent, careless, reckless, grossly negligent and inherently reckless in the ownership, operation, management, control, supervision and maintenance of his motor vehicle

24. That by reason of the foregoing, plaintiff, Scott Frank, sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, Scott Frank, was otherwise damaged.

25. That plaintiff, Scott Frank, has sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification of the State of New York.

26. That plaintiff, Scott Frank, has sustained serious injury and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law of New York.

27. That plaintiff, Scott Frank, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

28. Plaintiff is therefore entitled to exemplary and compensatory damages against the Defendant as the Court may deem just and proper.

## COUNT II

29. That at all times hereinafter mentioned, plaintiff, Jennifer Frank, repeats, reiterates and realleges each and every allegation contained herein as though same more fully set forth herein at length.

30. Plaintiff, Jennifer Frank, is the spouse of plaintiff, Scott Frank, and as such is entitled to the services, society, companionship, consortium and support of the plaintiff, Scott Frank.

31. Plaintiff is therefore entitled to exemplary and compensatory damages against the

Defendant as the Court may deem just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests of this Court the following relief:

a. For general damages, in an amount to be proven at the time of trial;

b. For medical, incidental, hospital, and other expenses, in an amount to be proven at the time of trial;

c. For loss of earnings and earning capacity, in an amount to be proven at the time of trial;

d. For an award of pre-judgment and post-judgment interest as provided by law;

e. For consequential damages, in an amount to be proven at the time of trial;

f. For exemplary or punitive damages against Defendant as provided by law;

g. For an award providing for payment of costs of suit, including payment of experts' fees and expense

h. For an award of reasonable attorneys' fees, and;

i. For such other and further relief as this Court may deem just and proper.

Dated: Port Washington, NY
January 3, 2011

Yours, etc.

Fred R. Rosenthal (FRR-4528)
Parker Waichman Alonso LLP
Attorneys for Plaintiffs
Office & Post Office Address:
6 Harbor Park Drive
Port Washington, NY 11050
(516) 466-6500
Our File # 013870

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK     )
                     : ss :
COUNTY OF NASSAU     )

FRED R. ROSENTHAL, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a member of the firm PARKER WAICHMAN ALONSO LLP attorneys for the plaintiffs herein.

I have read the foregoing Verified SUMMONS AND COMPLAINT and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated:     Port Washington, New York
           January 3, 2011

_____
FRED R. ROSENTHAL